

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1869
Re: Expenses of Assistant District
Attorney for the 72nd Judicial
District of Texas.

We are in receipt of your letter of February 28,
1940, requesting an opinion of this department, which
letter reads, in part, as follows:

"The judiciary appropriation for the
fiscal year ending August 31, 1940, carries
the following specific appropriation:

"'DISTRICT Judges & District Attorneys
expenses in districts composed of 2 or more
counties (per Article 6880, Revised Civil
Statutes of Texas-1925) ...... $47,400.00.'

"Is this department authorized to issue
warrant in payment of the expenses incurred
by the Assistant District Attorney appointed
under Article 326-(1) against this appropria-
tion?

"The question has arisen whether this ap-
propriation covers the expenses of the Assist
ant as well as the expenses incurred by the
District Attorney himself."

The item of appropriation quoted in your letter
is found in House Bill No. 257, Acts 46th Legislature, and
said Act does not contain an additional appropriation spe-
cifically naming or designating the Assistant District Attor-
ney in question.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Geo. H. Sheppard, Page 2


Article 326 (L), Vernon's Texas Civil Statutes
(Acts 1931, 42nd Leg., p. 745, ch. 292) authorizes the
District Attorney of the 72nd Judicial District to appoint
an assistant, who, upon his appointment and qualification
is authorized to represent the State in any Court or pro-
ceeding in which the District Attorney is authorized to
represent the State; this authority to be exercised, how-
ever, under the direction of the District Attorney. The
emergency clause of this Act states that an appointment
of an Assistant District Attorney of the 72nd Judicial
District was necessary by reason of the fact that the
District Attorney of the 72nd Judicial District was also
required to prosecute all criminal cases in the 99th
Judicial District, which made it physically impossible
for said District Attorney to attend to all of his duties.

The Assistant District Attorney of the 72nd
Judicial District, when representing the State as provid-
ed in Article 326 (L), supra, under the direction of the
District Attorney, performs the duties of the District
Attorney. Authorized expenses incurred in the performance
of such duties and incidental thereto should properly be
considered as expenses incident to the office of the Dis-
trict Attorney. As we construe the appropriation in ques-
tion, it was not intended to be personal to the District
Attorney, himself, but was intended to be used for the
purpose of defraying expenses properly incurred in the
discharge of the duties of that office.

It is our opinion that the Comptroller's Depart-
ment is authorized to issue warrants in payment of the
expenses incurred by the Assistant District Attorney ap-
pointed under Article 326 (L), supra, against the item of
appropriation to which you refer in House Bill No. 257,
Acts 46th Legislature, when such expenses are properly
incurred under the direction of the District Attorney and
in the discharge of the duties of the District Attorney.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Cecil C. Cammack
Assistant

CCC:RS    APPROVED APR 13, 1940

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE